IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **PHILIP RAY WORKMAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | )  Nos. 94-2577-D |
| | ) |
| **RICKY BELL, Warden,** | ) |
| **RIVERBEND MAXIMUM SECURITY** | ) |
| **INSTITUTION,** | ) |
| | ) |
| Respondent. | ) |

**ORDER REOPENING ADMINISTRATIVELY CLOSED CASE**
**ORDER DENYING MOTION FOR STAY PENDING APPEAL**
**SECOND ORDER ADMINISTRATIVELY CLOSING CASE**

Petitioner has filed a Motion For Stay Pending Appeal pursuant to Fed. R. Civ. P. 62. For the reasons stated below, Petitioner's motion is DENIED.

**I. PRELIMINARY MATTERS**

On December 15, 2006, in light of Petitioner's filing of a notice of appeal of this Court's judgment denying his request for equitable relief from judgment, the Court entered an order administratively closing this case. Petitioner thereafter filed the instant motion seeking a stay of the Court's judgment pending his appeal. The Court hereby ORDERS that the Clerk reopen the above styled case for purposes of entering the Court's order denying the instant motion as set forth below.

**II. MOTION FOR STAY PENDING APPEAL**

Petitioner seeks a stay of the Court's judgment denying his motion for equitable relief from the Court's previous judgment denying his habeas petition. He asserts that a stay is necessary to "preserve the existing state of things until the rights of the parties can be fairly and fully investigated." Motion For Stay Pending Appeal, doc. no. 186 at ¶ 5 (quoting Blount v. Societe Anonyme du Filtre Chamberland Systeme Pasteur, 53 F. 98 (6th Cir. 1892).

**A. Standards Applicable to a Motion For Stay Pending Appeal**

District Courts are empowered to stay judgments rendered in habeas cases. Hilton v. Braunskill, 481 U.S. 770, 774-75 (1987). A court considering whether to grant a stay of judgment considers the following:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 776 (citations omitted). These four factors are essentially identical to the factors a court considers when presented with a request for a preliminary injunction or for a stay of execution. Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). See also In re Sapp, 118 F.3d 460, 464 (6th Cir. 1997). However, the procedural posture prevailing in a motion for a stay pending appeal requires the applicant to demonstrate a greater likelihood of success on the

merits than is necessary when requesting preliminary injunctive relief. Because a request for a stay pending appeal is typically made "after the district court has considered fully the merits of the underlying action and issued judgment, . . . a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." Griepentrog, 945 F.3d at 153. This heightened standard is relaxed where the stay applicant is certain to suffer irreparable harm absent the stay. Therefore, the probability of success on the merits required for issuance of the stay is "inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. . . . [Hence,] more of one excuses less of the other." Id. However, regardless of whether the stay applicant has proven that he risks irreparable harm, he must at least "demonstrate more than the mere 'possibility' of success on the merits." Id. Rather, the applicant must show, "at a minimum, 'serious questions going to the merits.'" Id. (quoting In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985)).

**B. Analysis**

Petitioner asserts that he is entitled to a stay pending appeal because 1) he faces irreparable harm in the form of the execution of his sentence of death, though no such execution is presently pending; 2) "serious questions" about the propriety of the Court's judgments remain; and 3) neither the State nor the public has an interest in or is benefitted by the enforcement of an

"erroneous, fraudulent judgment." Motion For Stay Pending Appeal, doc. no. 186 at ¶ 11.

The Court has previously denied a motion essentially identical to the instant motion under largely identical circumstances. See <u>Johnson v. Bell</u>, no. 97-3052, doc. no. 144. For the reasons stated in that order, Petitioner's motion is without merit. In short, whatever "serious questions" are implicated by the Court's judgments, indeed such questions were frankly acknowledged by the Court's judgments, Petitioner is not at risk of irreparable harm by virtue of the Court's judgments. He may not conflate the harm inquiry germane to the Court's consideration of a motion to stay a pending execution with the harm inquiry necessary to resolve the instant motion. The "existing state of things" has already been preserved by the Court's judgments - the Court's judgment denying Petitioner's habeas corpus petition remains intact. Any injury flowing from the Court's judgments is fully reparable through the appellate process. The Sixth Circuit is empowered to prevent the irreparable harm of execution if necessary to ensure that Petitioner receives a meaningful appeal of the Court's judgments. This is precisely what has occurred in the <u>Johnson</u> case referenced above. Accordingly, Petitioner's Motion for Stay Pending Appeal is DENIED.

**III. SECOND ORDER ADMINISTRATIVELY CLOSING CASE**

Because the Court has denied Petitioner's motion to stay its judgments pending appeal and Petitioner has otherwise perfected his appeal, the Sixth Circuit is now vested with jurisdiction over Petitioner's motion for relief from judgment and there are no matters further pending before this Court.  Thus, it appears that no further case administration is warranted.  The Court, therefore, will administratively close the above-captioned case.

The Court expressly emphasizes that an order administratively closing a case is purely an administrative device for the convenience of the Court, and in no way affects the substantive and/or procedural rights of the parties in interest.  To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.  An administratively closed case can be easily reopened through a simple order of the Court without the necessity of a reopening filing fee should the case require further administration. Upon a reopening, the case becomes, ipso facto, a statistically active case and resumes under the same status it had prior to the administrative closing without prejudice to the rights of any party in interest. Accordingly,

**IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:**

(1) The Court Clerk is directed, consistent with the foregoing, to administratively close the above-captioned

     case in his records without prejudice to the substantive and/or procedural rights of any party in interest, and to reopen said case at a later time only for good cause, including the entry of any stipulation or order or for any other purpose necessary to obtain a final determination of pending litigation.

(2) In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

(3) The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

IT IS SO ORDERED, this 27<u>th</u> day of December, 2006.

                              <u>s/Bernice B. Donald</u>
                              BERNICE BOUIE DONALD
                              UNITED STATES DISTRICT JUDGE